### THOMPSON *v.* SECRETARY OF STATE.

MANDAMUS—REFERENDUM—ISSUES OF FACT—PRACTICE.

Where a referendum was asked by petition filed with the secretary of State under Art. v, § 1, of the Constitution (as amended) to submit to the electors for approval Act No 304, Pub. Acts 1915, and certain interested voters filed a petition in mandamus to require the secretary of State to submit the issues in accordance with law in the matter of printing the ballot and to compel him to recanvass the petitions filed in certain counties, and to count only such signatures as had added the street and number and election precinct, in cities, etc.: to recount only those sections bearing the name of the city or county in which the petition was circulated and to recount only those sections having an affidavit attached of the person circulating the petition, pursuant to the Constitution, matters averred which did not appear on the face of the petitions should be submitted as issues of fact, in the manner set up in the application of relators to have issues framed, *held,* that such issues might be framed to disclose whether or not the petitions from said counties appear on their face to be regular and in case of irregularities whether or not sufficient signatures remained to comply with the constitutional provisions.

Mandamus proceedings by Ethan W. Thompson and others against Coleman C. Vaughan, secretary of State, to compel a recanvass of petitions for a referendum filed in the office of the secretary of State, and to secure a lawful submission of the question to the electors. On application to frame issues of fact; ordered that issues be framed as prayed. Opinion filed May 31, 1916.

*Carroll, Kirwin & Hollway* and *Brown, Walbridge, Kelley & Seelye,* for relator.

*Grant Fellows,* Attorney General, and *L. W. Carr,* Assistant Attorney General (*Arthur P. Hicks* and *Stuart E. Knappen,* of counsel), for respondent.

PER CURIAM. Certain electors, dissatisfied with the action of the legislature, as evidenced by the provisions of Act No. 304, Pub. Acts 1915 (Senate Enrolled Act No. 93) (1 Comp. Laws 1915, § 9388), seek to invoke a referendum pursuant to section 1, art. 5, of the Constitution, as amended in 1913. Petitions for such referendum having been filed with the secretary of State, that officer, on August 24, 1915, made a proclamation, which, after reciting certain facts as being disclosed by said petitions, continues as follows:

"Now, therefore, it is hereby officially determined and declared by me, by virtue of the power in me vested, that the petitions aforesaid have been signed by a sufficient number of qualified electors of this State to authorize and require the submission of said Senate Enrolled Act No. 93 to a vote of the electors of this State at the next succeeding general election for approval or rejection, and that said Senate Enrolled Act No. 93 shall not go into effect unless and until it is approved by a majority of the qualified voters of the State of Michigan voting thereon at said election."

Thereafter relators filed in this court their petition, which concludes with this declaration and prayer:

"The purpose of this petition and of the order to

show cause and writ of mandamus being to secure the printing on the official ballot for the November, 1916, general election of only a legally and constitutionally submitted referendum upon said Act No. 304 of the Public Acts of 1915, and such referendum as is qualified and entitled to appear on such ballot by reason of having met and fulfilled the requirements of the Constitution of this State, and that upon such showing of cause and hearing thereon an order may be entered requiring the observance of said provisions of the Constitution in the submission of such referendum and the printing of such ballot:

"(50)  Your petitioners therefore pray that a writ of mandamus may issue to Coleman C. Vaughan, secretary of State of the State of Michigan, commanding him:

"(A)  To recount and recanvass on said referendum petitions filed from the counties of Kent and Wayne, only those signatures of signers thereof who added to their respective signatures their place of residence, street and number in cities having street numbers, and their election precinct.

"(B)  To recount and recanvass on said referendum petition only these sections which bear the name of the city or county in which it was circulated.

"(C)  To recount and recanvass on said referendum petition only the signatures of such qualified electors of the city or county where such section was circulated.

"(D)  To recount and recanvass only those sections which have attached thereto an affidavit of the circulator or solicitor who circulated the said section, which complies with the requirements and provisions of section 1 of article 5 of the Constitution of this State.

"(E)  To recount and recanvass only those sections of said referendum petition which were filed with the clerk of the county in which it was circulated, and to count and canvass only the names on such section circulated in the counties of Kent and Wayne which were filed at the same time as provided in section 1 of article 5 of the Constitution.

"(F)  To reject and throw out of the said referendum petition all of the said sections thereof filed from

the counties of Kent and Wayne which were returned
to said counties for correction as set forth herein.

·"(G) To reject and throw out of the said referen-
dum petition all and each and every section thereof
filed from the counties of Wayne and Kent and shown
to be defective and illegal in this petition.

"(H) That such other and further order may be
made in the premises as justice may require."

Relators' complaints are addressed to matters ap-
pearing upon the face of the petitions, showing, it is
alleged, failure to follow the constitutional directions
and to matters not appearing upon the face of the
petitions, but set up by relators, relating, mostly, to
the manner in which the petitions in Kent and Wayne
counties were procured, signed, verified, and amended
before they were filed with respondent.

An order to show cause having been granted, re-
spondent answered relators' petition, and relators have
now applied for an order framing certain issues of
fact, 24 in number, the forms of which are proposed.
Respondent, by the attorney general, has filed objec-
tions to the framing of issues, saying:

"I. The case presented by relators' petition and the
answer of respondent thereto is not of such character
as to warrant the framing of issues of fact as prayed
for in relators' motion.

"II. Conceding, for the purposes of this motion, and
for no other purpose, that the issues of fact proposed
by relators in their said motion were respectively an-
swered upon submission favorably to relators' conten-
tion, relators would not be entitled to the relief, or any
part thereof, prayed for in their said petition.

"III. It appears from said petition by relators that
the acts of said respondent sought to be reviewed, and
those which this respondent is sought to be compelled
to perform under the prayer in said petition and set
forth in the order to show cause heretofore issued
herein, are acts which this respondent, who is a con-
stitutional officer, is required to perform under and by
virtue of the terms of section 1 of article 5 of the Con-
stitution of the State of Michigan, and that the per-

formance of such acts as have been performed by this respondent under said constitutional provision cannot be reviewed, set aside, revoked, or annulled by any action of this honorable court, or the manner of the performance of said acts be reviewed or interfered with by any action of this honorable court.

"IV. That under section 1, art. 5, of the Constitution of the State of Michigan respondent has no right to hear testimony, consider affidavits, or consider any matter or thing not appearing upon the face of referendum petitions submitted to him or filed with him under and pursuant to the said constitutional provision, nor can any findings of fact upon issues framed as prayed for by relators be considered by or be binding upon respondent.

"V. That the act of respondent in canvassing the petitions referred to in the petition of relators and his determination thereof is final and conclusive.

"VI. It does not appear upon the face of said petition of relators, or upon the said motion, that the relators, or any of them, have such interest in the subject-matter set forth in said petition, or any part thereof, as to entitle them, or any of them, to the aid of the people's writ of mandamus against this respondent, to compel the performance of the acts prayed for in the said petition, or any of said acts."

Saving only the one numbered "IV," these objections, if they are sound, show that the order to show cause was improvidently granted. Relators, too, suggest the interesting and important point that the constitutional provision is not self-executing.

Upon the hearing of this motion we decide only that, unless the facts are settled by agreement, issues may be framed, the determination of which will disclose whether the petitions from Kent and Wayne counties, on file with the secretary of State, appear upon their face to be regular and to comply with the constitutional provision, and whether, if the petitions from both or either of these counties are held insufficient and to be rejected, there will remain a sufficient number of signatures to satisfy the constitutional requirement. The

effect of this decision is that the action of respondent should be, in any event, based upon what appears upon the face of the petitions presented to him. We reserve all other questions until the record is completed.

An order in conformity with the foregoing will at once be entered. Ten days after the entry of the order will be given in which to agree upon the necessary facts or propose issues to be framed. Issues, if framed, will be determined by this court, and upon their determination either party may have 20 days in which to file additional briefs. At the end of said, 20 days, the cause will be regarded as submitted.